UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES FEICK,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON;<br><br>WASHINGTON LIQUOR AND<br><br>CANNABIS BOARD LICENSING AND<br><br>REGULATION DIVISION; RICK GARZA;<br><br>WILLIAM LUKELA,<br><br>    Defendant. | Case No. 3:24-cv-05603-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

Before the Court is *pro se* Plaintiff Charles Feick's ("Mr. Feick") motion for reconsideration (Dkt. 33) of the Court's order granting Defendant's motion to dismiss (Dkt. 31). For the reasons below, Mr. Feick's motion for reconsideration is DENIED.

## II. BACKGROUND

The Court presumes the parties are familiar with the underlying facts. *See* Dkt. 31 at 2–6. The Court granted Defendants' motion to dismiss on October 1, 2025. Dkt. 31. Mr. Feick moved

for reconsideration of the dismissal order on October 10, 2025, Dkt. 33, and he filed a notice of appeal to the Ninth Circuit on October 31, 2025. Dkt. 34.

### III.     LEGAL STANDARD

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

### IV.     DISCUSSION

Mr. Feick filed a notice of appeal twenty-one days after he filed the instant motion. Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "However, a notice of appeal does not divest the district court of jurisdiction if, at the time the notice of appeal was filed, there 'was then a pending motion for reconsideration.'" *ConocoPhillips Co. v. Milestone Pac. Props., LLC*, No. C 10-00079 SBA, 2010 WL 4608223, at *1 (N.D. Cal. Nov. 3, 2010) (quoting *United Nat'l Ins. Co. v. R & D Latex*

*Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001)). "Specifically, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed no later than twenty-eight days after judgment is entered." *Id*. (citing Fed. R. App. P. 4(a)(4)(B)(i)). Here, the Court was not divested of jurisdiction over the motion for reconsideration when Mr. Feick filed his notice of appeal. *United Nat. Ins. Co.*, 242 F.3d at 1109 ("The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration.").

After considering Mr. Feick's arguments, the Court denies his motion for reconsideration. Mr. Feick has failed to show manifest error in the Court's analysis of equitable tolling or the statute of limitations, *see* Dkt. 33 at 18–20, nor has he shown facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence.

## V.    CONCLUSION

Mr. Feick's motion for reconsideration (Dkt. 33) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of November, 2025.

Tiffany M. Cartwright
United States District Judge